LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| RANDOLF WAYNE OATES, *on behalf of himself, FLSA Collective Plaintiffs, and the Class* | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| THE CATHOLIC CHARITIES OF THE ARCHDIOCESE OF NEW YORK, and CATHOLIC CHARITIES OF ORANGE, SULLIVAN & ULSTER, | |
| Defendants. | |

---

Plaintiff RANDOLF WAYNE OATES, on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, THE CATHOLIC CHARITIES OF THE ARCHDIOCESE OF NEW YORK and CATHOLIC CHARITIES OF ORANGE, SULLIVAN & ULSTER ("Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from

1

Defendants: (1) unpaid wages, including overtime, due to time-shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff also alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving, (2) statutory penalties, (3) liquidated damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff RANDOLPH WAYNE OATES is a resident of Orange County, New York.

6. Defendant THE CATHOLIC CHARITIES OF THE ARCHDIOCESE OF NEW YORK is a domestic not-for-profit corporation organized under the laws of New York with a principal place of business and address for service of process located at 1011 First Avenue, 11th Floor, New York, NY 10022. *See* **Exhibit A**.

7. Defendant CATHOLIC CHARITIES OF ORANGE, SULLIVAN & ULSTER is a domestic not-for-profit corporation organized under the laws of New York with principal places of business located at 11 Hamilton Avenue, Monticello, NY 12701 and 27 Matthews Street, Goshen, NY 10924, and an address for service of process located at 27 Matthews Street, Goshen, NY 10924. *See* **Exhibit B.**

8. At all relevant times, Corporate Defendant THE CATHOLIC CHARITIES OF THE ARCHDIOCESE OF NEW YORK controls and operates Corporate Defendant CATHOLIC CHARITIES OF ORANGE, SULLIVAN & ULSTER. The charities are operated by Defendants as a single integrated enterprise. Specifically, they are engaged in related activities, have a common business purpose and share common brand name and logo.

    (a) Both Corporate Defendants are non-profit Catholic based charity services operating in the state of New York.

    (b) Corporate Defendant CATHOLIC CHARITIES OF ORANGE, SULLIVAN & ULSTER describes itself as "one of the human service agencies of Catholic Charites of The Archdiocese of New York" on their website. *See* **Exhibit C.**

    (c) Corporate Defendant CATHOLIC CHARITIES OF ORANGE, SULLIVAN & ULSTER is listed on Corporate Defendant THE CATHOLIC CHARITIES OF THE ARCHDIOCESE OF NEW YORK's website as a part of a "federation of agencies." *See* **Exhibit D.**

    (d) Both Corporate Defendants utilize similar logos which invoke a cross, and both logos contain the slogan "Providing Help Creating Hope." *See* **Exhibit E**.

    (e) Both Corporate Defendants' websites contain links to the other Corporate Defendant's website. *See* **Exhibit F.**

    (f) Both Corporate Defendants utilize the same employee handbooks for employees demonstrating common wage and employment policies.

9. At all relevant times, the Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including but not limited to Peer Advocates, Program Coordinators, Outreach Coordinators, Residential Counselors, Advocate Counselors, Youth Advocates and Licensed Practical Nurses) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages due to off-the-clock work. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including but

not limited to Peer Advocates, Program Coordinators, Outreach Coordinators, Residential Counselors, Advocate Counselors, Youth Advocates and Licensed Practical Nurses) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class" or "Class Members." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and the rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay wages due to time-shaving, failing to provide proper wage statements, and failing to provide proper wage and hour notices. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff

and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the United States violate state labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

(a) Whether Defendants employed Plaintiff and Class Members within the meaning of the New York Labor Law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class Members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class Members for their work;

(d) Whether Defendants properly compensated Plaintiff and Class members for all hours worked under applicable state and federal law;

(e) Whether Defendants maintained a policy of time-shaving in paying Plaintiff and Class members only for those hours they were scheduled to work, and not for all hours Plaintiff and Class members actually worked each week;

7

(f) Whether Defendants provided proper wage statements to Plaintiff and Class Members; and

(g) Whether Defendants provided proper wage and hour notices to Plaintiff and Class Members.

## STATEMENT OF FACTS

22. In or about September 2018, Plaintiff RANDOLF WAYNE OATES was hired by Defendant CATHOLIC CHARITIES OF ORANGE, SULLIVAN & ULSTER to work as a Peer Advocate at 27 Matthews Street, Goshen, NY, 10924. Plaintiff's employment with Defendants was terminated on or around July 31, 2020.

23. From September 2018, to October 31, 2019, Plaintiff worked five (5) days per week from 9:00 a.m. to 5:00 p.m., with a one (1) hour lunch break, for a total of forty (40) hours each week.

24. From November 2019 to the end of his employment, he worked five (5) days per week from 9:15 a.m. to 5:00 p.m., with a forty-five (45) minutes lunch break, for a total of forty (40) hours each week.

25. Throughout Plaintiff's employment with Defendants, he was paid at an hourly rate of $16.00 per hour. Similarly, FLSA Collective Plaintiffs and Class members had similar hours and pay rates.

26. Throughout Plaintiff's employment with Defendants, he was not required to clock in and out but was instead required to fill out his time worked in a notebook. Similarly, FLSA Collective Plaintiffs and Class members had their hours tracked in a similar manner.

27. As a Peer Advocate, Plaintiff was required to meet with his clients in public or at their homes, refer clients to treatment faculties, drop off clients to appointments at medical facilities or court appearances, and perform general patient outreach.

28. Throughout Plaintiff RANDOLPH WAYNE OATES's employment with Defendants, he was not compensated for all the hours he worked due to Defendant's time-shaving policy. Plaintiff was regularly required to stay for fifteen (15) to twenty (20) minutes past his scheduled shift each day to finish off his work, but he was only ever paid for his scheduled hours, and not his actual hours worked. As a result, Plaintiff was time-shaved approximately one (1) hour and fifteen (15) minutes to one (1) hour and forty (40) minutes per week. Similarly, FLSA Collective Plaintiffs and Class members were similarly not compensated for all hours worked.

29. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members their proper wages for all hours worked, including those in excess of forty (40) per workweek, due to Defendants' policy of time-shaving, in violation of the FLSA and NYLL.

30. Defendants knowingly and willfully operated its business with a policy of not providing wage statements to Plaintiff, FLSA Collective Plaintiffs and Class Members that list the accurate rates of pay and regular and overtime hours worked per week, as required by the NYLL and applicable state labor laws.

31. Defendants knowingly and willfully operated its business with a policy of not providing wage and hour notices that list the accurate rates of pay and regular and overtime hours worked per week to Plaintiff, FLSA Collective Plaintiffs and Class Members, in violation of the state wage and hour law.

32. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Plaintiff realleges and reavers Paragraph 1 through 32 of this Class and Collective action Complaint as if fully set forth herein.

34. At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

36. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

37. At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked due to time-shaving.

38. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and FLSA Collective Plaintiffs in the lawful amount for all hours worked, due to time-shaving,

39. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

41. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

42. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

44. Plaintiff realleges and reavers Paragraphs 1 through 43 of this Class and Collective action Complaint as if fully set forth herein.

45. At all relevant times, Plaintiff and New York Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

46. Defendants knowingly and willfully violated Plaintiff's and New York Class Members' rights by failing to pay them for all hours worked, due to Defendants' policy of time-shaving.

47. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and New York Class Members, as required by New York Labor Law § 195(1).

48. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and New York Class Members with every wage payment, as required by New York Labor Law § 195(3).

49. Due to Defendants' New York Labor Law violations, Plaintiff and New York Class Members are entitled to recover from Defendants their unpaid wages, including overtime, due to time-shaving, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to time-shaving, due under the FLSA and NYLL;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage for all hours worked due to time-shaving, pursuant to the FLSA and NYLL;

e. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

f. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

g. Designation of this action as a class action pursuant to F.R.C.P. 23;

h. Designation of Plaintiff as the Representative of the Class; and

i. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 7, 2021                             Respectfully submitted,

By:    */s/ C.K. Lee*
      C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiff, and the Class*